# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDSAY L. BURKHARDT,      )
                                     )
      Plaintiff,              )
                                     )
        v.                  )     C.A. No. N20C-04-248 FWW
                                     )
PROGRESSIVE SELECT      )
INSURANCE COMPANY,      )
a foreign corporation,       )
                                     )
      Defendants.       )

Submitted: September 22, 2021
Decided: December 13, 2021

*Upon Plaintiff Lindsay L. Burkhardt's Motion for Summary Judgment*
**GRANTED.**

*Upon Defendant Progressive Select Insurance Company's Motion for Summary Judgment*
**DENIED.**

## OPINION AND ORDER

Joel H. Fredericks, Esquire, Weik, Nitsche & Dougherty, LLC, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware 19899, Attorney for Plaintiff Lindsay L. Burkhardt.

Anthony N. Forcina, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., 1007 N. Orange Street, Suite 1100, P.O. Box 1276, Wilmington, Delaware 19899, Attorney for Defendant Progressive Select Insurance Company.

**WHARTON, J.**

# I.    INTRODUCTION

Lindsay L. Burkhardt ("Burkhardt"), a Maryland resident brings this action against her insurer Defendant Progressive Select Insurance Company ("Progressive") for personal injury protection benefits ("PIP") under 21 *Del. C.* § 2118.[1]  She alleges that Progressive refused to pay her claim for medical expenses in the amount of $22,226.98 in violation of Delaware law and in breach of her insurance contract with Progressive.[2]  Before the Court are Burkhardt's Motion for Summary Judgment[3] and Progressive's Cross-Motion for Summary Judgment.[4]

After considering the parties' contentions expressed in both the responses to the respective motions and at argument, the Court concludes that: (1) While 21 *Del. C.* § 2118(b) requires out of state drivers to have insurance equal to the minimum insurance required by their home state, it does not specify whether that mandated insurance be liability insurance or PIP; (2) Maryland mandates liability insurance and PIP, but it allows PIP to be waived; (3) Burkhardt waived PIP coverage, but that waiver is not effective in Delaware; and (4) Burkhardt is entitled to PIP coverage in Delaware because her policy contains an extraterritoriality provision contractually obliging Progressive to meet Delaware's minimum PIP benefits.  Accordingly,

---

[1] Compl., D.I. 1.  The Complaint was later amended for the sole purpose of correcting the name of the Defendant, D.I. 9.
[2] *Id.*
[3] D.I. 15.
[4] D.I. 19.

Burkhardt's Motion for Summary Judgment is **GRANTED,** and Progressive's Cross-Motion for Summary Judgment is **DENIED**.

## II.    FACTS AND PROCEDURAL HISTORY.

The parties agree on all relevant facts, which are uncomplicated.  At the time of the motor vehicle accident in Delaware that caused her injuries, Burkhardt was a Maryland resident, operating a vehicle registered and insured in Maryland.[5] Maryland law requires insurers to offer PIP coverage, but unlike Delaware, allows insureds to waive that coverage.[6]  Consistent with Maryland law and the policy issued by Progressive, Burkhardt waived PIP coverage in Maryland.[7]

## III.    THE PARTIES' CONTENTIONS.

Burkhardt argues that despite her waiver, Progressive is obliged to provide her with $15,000 in PIP coverage.[8]  Burkhardt's position is that 21 *Del. C.* § 2118(b) requires that out-of-state drivers have PIP coverage in their home state.[9]  Otherwise, Delaware's minimum PIP coverage of $15,000 is triggered.[10]   Since Maryland allows for the waiver of PIP coverage, PIP coverage was not required in that state and Delaware's minimum coverage requirement applies.[11]  Progressive opposes the

---

[5] Pl.'s Mot. Summ. J. D.I. 15.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 1 (citing 21 *Del. C.* § 2118(a)(2)(b)).
[9] *Id.*
[10] *Id.*
[11] *Id.*

motion, distinguishes the cases cited by Burkhardt in her motion for summary judgment, and cross-moves for summary judgment.[12] Progressive contends that Maryland law requires PIP coverage notwithstanding that it allows for waiver of that coverage. Burkhardt consciously waived PIP coverage in accordance with Maryland law, and thus, should not receive that benefit for which she paid no premiums by virtue of the fact the accident occurred in Delaware.[13]

## IV. STANDARD AND SCOPE OF REVIEW.

Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[15] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact the ultimate fact-finder must resolve.[16] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[12] Def.'s Resp. to Pl.'s Mot. Summ. J. and Def's Cross-Mot. Summ. J., D.I. 19.
[13] *Id.*
[14] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[15] *Sizemore*, 405 A.2d at 681.
[16] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[17] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[18] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[19] Where the parties have filed cross motions for summary judgment and have not argued that there is an issue of material fact to the disposition of either motion, the Court will treat the motions as a stipulation for decision on the merits based on the record submitted with the motions.[20] Because the parties agree there are no material factual disputes, the issue is one of law and summary judgment is appropriate.

## V. DISCUSSION

---

[17] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[18] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[19] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[20] Super. Ct. Civ. R. 56(h).

5

Under 21 *Del. C.* § 2118(b), Delaware requires vehicles operated in Delaware to have minimum insurance, whether the vehicle is registered in Delaware or elsewhere. That section reads:

> No owner of a motor vehicle being operated in this State shall operate in this State or authorize any other person to operate such vehicle in this State unless the owner has insurance on such motor vehicle equal to the minimum insurance required by the State or jurisdiction where said vehicle is registered. If the State or jurisdiction of registration requires no minimum insurance coverage, then such owner must have insurance on such motor vehicle equal to the minimum insurance coverage required for the motor vehicles registered in this State.

Beginning with *Orija v. Verser*,[21] this Court has consistently held that language to be unambiguous. The issue raised here tests that conclusion. It is *Orija* and its progeny upon which Burkhardt relies to support her argument that out-of-state drivers must have required PIP coverage in the state where the vehicle is registered in order to avoid Delaware's minimum PIP coverage requirement.

Often, if not in most cases, the focus of litigation has been to determine whether PIP benefits could be "boarded," in other words, presented to a jury as damages for which the defendant is responsible. If benefits are paid under Delaware's "no-fault" law, § 2118(h) precludes "boarding." The preclusion does not hold for insurance payments payable under the law of a foreign jurisdiction.

---

[21] 2008 WL 853798 (Del. Super. April 1, 2008).

6

Thus, the Court has been asked to decide under what state's law payments were made to determine if that state had minimum insurance requirements. Plaintiffs typically urge the Court to find insurance payments were made under the foreign jurisdictions coverage requirement in order to allow "boarding," while defendants argue for preclusion under Delaware's "no-fault" law.

In *Orija,* for example, a North Carolina resident in a North Carolina registered vehicle sued a Virginia resident in a Virginia registered vehicle for an accident occurring in Delaware.[22] The Court held that the plaintiff's insurer was required to provide PIP-like coverage "in the same minimally required amount for policies covering Delaware registered vehicles."[23] North Carolina did not require minimum insurance coverage, thus the second sentence of § 2118(b) was triggered.[24] The Court analyzed the extraterritoriality provision of Orija's policy and found that provision complied with the requirements of § 2118(b).[25] Nonetheless, the Court held that the defendant, as a non-resident, could not take advantage of Delaware's statutory preclusion statute not meant for non-residents.[26] Thus, the damages were "boardable."[27]

---

[22] *Id.* at *1.
[23] *Id.,* at 8.
[24] *Id.* at *7.
[25] *Id.,* at *9.
[26] *Id.*
[27] *Id.*

In *Gurol v. Deleon,* a short letter opinion, the plaintiff, also a resident of North Carolina, a state that did not require "no-fault" insurance, sought to "board" damages that are typically excluded under Delaware's preclusion statute, § 2118(h).[28] He argued that because he was a North Carolinian, Delaware's "no-fault" statute did not apply to him and he was not eligible for insurance, therefore, he was not precluded from introducing his damages.[29] His policy did contain an extraterritoriality provision extending coverage for injuries sustained in a state requiring PIP coverage such as Delaware.[30] The defendant argued that the plaintiff was eligible for PIP coverage under § 2118(b) which the plaintiff's insurer must insure since North Carolina did not require PIP coverage.[31] The defendant further argued that the extraterritoriality provision in the plaintiff's policy required coverage in accordance with § 2118.[32] Without reference to *Orija,* the Court held that § 2118(b) required the plaintiff to have insurance equal to Delaware's, and, in any event, the plaintiff's insurance policy, which included an extraterritoriality provision extending coverage for out of state accidents in order to comply with another state's compulsory insurance law, provided that insurance.[33] The Court saw no reason why an out-of-

---

[28] 2009 WL 806589 at *1 (Del. Super. Feb. 26, 2009).
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.* at *1-2.

state driver required to have insurance equal to Delaware's should not be treated equally under § 2118(h).[34] Thus, the Court found that, "[t]here is no reason to introduce Plaintiff's PIP-style damages because he has, or he should have had coverage under prevailing Delaware law."[35] Here, the damages were not "boardable."[36]

The most recent case is *Deane v. Liberty Mutual Fire Insurance Company*[37] In *Dean,* the plaintiff was injured in a motor vehicle accident in Delaware while driving a vehicle registered and insured in Georgia.[38] He was paid PIP benefits from his employer's Georgia-issued insurance policy, which included a Delaware PIP endorsement.[39] He then sought PIP benefits through his personal insurance carrier.[40] That carrier denied the claim arguing that the plaintiff's insurance policy prevented insureds from "stacking" benefits under Delaware law.[41] At issue was whether the PIP benefits paid by Dean's employer were paid under Delaware or Georgia law. Dean argued that they were paid under Georgia law and, hence his policy's "anti-

---

[34] *Id.*, at 1.
[35] *Id.*, at 2.
[36] *Id.*
[37] 2018 WL 3815048 (Del. Super. Aug. 10, 2018).
[38] *Id.*, at *1.
[39] *Id.*
[40] *Id.*
[41] *Id.*

stacking" provision was not triggered, while his insurer took the opposite position.[42] The Court held that Georgia did not require PIP coverage, therefore Georgia-insured vehicles operating in Delaware are required by § 2118(b) to carry Delaware's minimum coverage.[43] Since the PIP benefits were paid under Delaware law, the policy's "anti-stacking" provision operated to deny the plaintiff PIP benefits under his personal policy.[44]

In none of these cases was the plaintiff suing her own insurance carrier for PIP coverage in Delaware where she had expressly waived that coverage in her own jurisdiction. Issues of "boarding" and preclusion which were the focus of the litigation in those cases are absent here. Burkhardt simply wants Progressive to provide her with Delaware's minimum PIP coverage of $15,000. According to her, such an obligation arises because Maryland did not require her to have minimum PIP insurance coverage. In order to be operated legally in Delaware all vehicles registered out-of-state must be insured in at least the minimum amount required by the state where they are registered.[45] If Maryland has no minimum insurance

---

[42] *Id.,* at *2.
[43] *Id.,* at *5.
[44] *Id.*
[45] 21 *Del. C.* 2118(b).

10

requirement, then, and only then, does Delaware impose Delaware's own minimum insurance requirements.[46]

### A.    The Court Need Not Decide What Type of Insurance Maryland Requires.

But what does "minimum insurance required by the state…where the vehicle is registered" mean?  Does it mean that state must have some minimum liability insurance, or must the foreign jurisdiction require minimum PIP insurance as well? Both *Orija*[47] and *Gurol*,[48] seem to suggest that PIP coverage is required, but both also rely on the extraterritoriality provisions of the litigants' policies. Only *Dean*, explicitly says that § 2118 requires a foreign jurisdiction to require minimum PIP insurance in order to avoid Delaware's minimum PIP requirements.[49]  But none of

---

[46] *Id.*

[47] "Unlike Delaware, North Carolina does not require motor vehicle owners to obtain insurance which provides certain minimum coverage."  *Orija* at *1; "That state [North Carolina] does not have minimum PIP type requirements of any kind…" *Id.*, at *2; "That state [North Carolina] has no minimum requirements such as the above [referencing the minimum requirements of 21 Del. C. § 2118(a)(2)(b)]." *Id.*, at *3; "Orija's home state, North Carolina, has no minimum coverage requirements, consequently, this Court holds triggers the second sentence of (b)." *Id.* at *7; "Delaware's requirements in (b) are much broader and, for state's which do not have minimums, the requirement is to have equivalent first party medical and lost wages coverage identical to what a Delaware registered vehicle/owner must have." *Id.*

[48] *See, Gurol,* at *1-2; *Orija,* at *6-9.

[49] "The Act requires out-of-state vehicles operating in Delaware to carry insurance meeting Delaware's minimum coverage if the state in which the vehicle is registered does not mandate any PIP coverage." *Dean,* at * 2.  "The [*Orija*] Court held Section 2118(b) unambiguously imposed Delaware's insurance minimums on out-of-state vehicles operating in Delaware if the state of registration if the state of registration had no minimum PIP coverage requirements." *Id.* at *3.

them locate a specific reference to PIP in the language of § 2118(b), nor do they explain why § 2118(b) should be interpreted to require other states to provide PIP coverage instead of liability or some other type of insurance.

This Court looks in vain to the language of the statute for an answer. It requires, "insurance equal to the minimum insurance required by the state or jurisdiction where the vehicle is registered."[50] The legislative history, cited in both *Oreja* and *Dean*, and embodied in the synopsis simply says, "This Bill will require insurance for all motor vehicles operating in this State whether they are registered in this state or not."[51] It is not at all clear to the Court that the language of the statute or the synopsis says anything more than that the operator of a motor vehicle registered out of state must have the insurance that other state requires. Neither the language of the statute , nor the synopsis specify the type of insurance. Certainly, if the General Assembly wanted to require that operators of vehicles registered out of state have PIP coverage it could have included language in § 2118 to that effect. Conversely, it could have included language that liability insurance was sufficient. It did neither. In that sense, § 2118(b) is ambiguous. While more clarity from the General Assembly would have been helpful, ultimately, it is not necessary in order to decide the cross-motions here.

---

[50] 21 *Del. C.* § 2118(b).
[51] 68 Del. Laws c. 331.

**B.    Maryland Does Not Require PIP Coverage.**

The parties have engaged on the issues of whether Maryland requires PIP coverage and the effect, if any, of Burkhardt's waiver of that coverage. They agree that Maryland requires insurers to offer PIP coverage but allows first named insureds to waive that coverage in writing.[52] They disagree as to whether this arrangement means that Maryland requires PIP coverage.[53] Progressive analogizes to Delaware's uninsured/underinsured motorist statute, 18 *Del. C.* § 3902, which requires that uninsured/underinsured motorist coverage be offered but allows the policyholder to waive that coverage pursuant to § 3902(a)(1).[54] It argues that the Delaware Supreme Court has endorsed the view in *Frank v. Horizon Insurance Co.*[55] that even though uninsured/underinsured coverage can be waived, it is still mandatory coverage.[56] Burkhardt's position is that PIP coverage in Maryland is only required if it is not waived, and since she waived it, it was not required.[57] Her logic is simple – if she was able to not have PIP coverage and still follow Maryland law, Maryland law did not require PIP coverage.

---

[52] Md. Code Ann., Insurance, §§ 19-505(a); 19-506(a)(1).
[53] Def.'s Resp. to Pl.'s Mot. Summ. J. and Def.'s Cross-Mot. Summ. J., D.I. 19.
[54] *Id.*
[55] 553 A.2d 1199, 1203 (Del. 1989).
[56] Def.'s Resp. to Pl.'s Mot. Summ. J. and Def.'s Cross-Mot. Summ. J., D.I. 19.
[57] Pl.'s Resp. to Def.'s Mot. Summ. J., D.I.

The Court agrees with Burkhardt. If she did not have PIP coverage and she did not break Maryland's law, then Maryland law did not require her to have PIP coverage. *Frank* does not suggest a different conclusion. *Frank* dealt with Delaware's statutory mandate under 18 *Del. C.* § 3902 that automobile insurance policies provide for uninsured/underinsured coverage unless the insured affirmatively executes a waiver of coverage. *Frank*'s policy had an "other motor vehicle" exclusion that allowed her insurer to deny coverage for her injuries because she was injured in a vehicle other than a vehicle covered by her policy.[58] The Court held that an "other motor vehicle" clause in a policy excluding uninsured motorist coverage to be incompatible with the affirmative waiver requirement.[59] It further held that such exclusions were against public policy.[60] The Court understands *Frank* to invalidate limitations on a mandated policy provision that has not been waived. It does not understand it to hold that mandated, but waivable policy terms, are nonetheless required.

## C.    Burkhardt's Waiver of PIP Coverage is Limited to Maryland.

The Court now comes to the real issue - should Burkhardt get the benefit of the PIP coverage in Delaware that she affirmatively waived in Maryland. She

---

[58] *Frank,* at 1201.
[59] *Id.,* at 1203.
[60] *Id.,* at 1205.

acknowledges that the optics of a ruling in her favor are not appealing. Yet, she maintains that § 2118 requires that unappealing result. But it is not § 2118 that requires that result. Rather, it is extraterritoriality provision of Burkhardt's Maryland policy. That provision is nearly identical to those in *Orija,* and *Gurol.* It provides:

OUT-OF-STATE COVERAGE

> If an accident to which this Part I applies occurs in any state, territory or possession of the United States of America or any province or territory of Canada, other than the one in which a **covered auto** is principally garaged, and the state, province, territory or possession has:
>
> 1. A financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the declarations page, this policy will the higher limits; or
>
> 2. A compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory, or possession, this policy will provide the greater of:
>
>    a. The required minimum and types of coverage; or
>
>    b. The limits under this policy.[61]

The waiver Burkhardt executed confirmed that Progressive "will NOT provide the Personal Injury Protection (PIP) Coverage under Part II of [her] policy,

---

[61] Pl.'s Mot. Summ. J., Ex. 2, at 6-7 (bolding in original), D.I. 15.

15

required by Section 19-505…"[62]   But, paragraph 2.a. contractually obligates Progressive to provide the "required minimum and *types* of coverage" when the covered vehicle is involved in accidents occurring in states like Delaware which require non-resident drivers to maintain insurance when operating the vehicle in that state.  Under § 2118(a), Delaware requires $15,000 in minimum PIP coverage.  Thus, Progressive, despite Burkhardt's Maryland waiver of PIP coverage, is contractually obligated under Burkhardt's policy to provide $15,000 of PIP coverage in Delaware.[63]   The extraterritoriality provision, in effect, limits her waiver to Maryland and states that do not require PIP coverage.  This conclusion is consistent with *Orija* and *Gurol*.

**THEREFORE**, for the reasons set forth above, Plaintiff Lindsay Burkhardt's Motion for Summary Judgment is **GRANTED**.  Defendant Progressive Select Insurance Company's Cross-Motion for Summary judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[62] Def.'s Resp. to Pl.'s Mot. Summ. J. and Def.'s Cross-Mot. Summ. J., Ex. 2, D.I. The waiver was executed pursuant to "Section 19-506."
[63] The location of the provision in the policy under the liability section does not alter this result.  *See, Orija,* at 7-8.